UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SIMON BERMAN,

      Plaintiff,    17-cv-2757 (JGK)

  - against -        MEMORANDUM OPINION &
                ORDER
CORRECTION OFFICER PEREZ, ET AL.,

      Defendants.

---

**JOHN G. KOELTL**, District Judge:

  The plaintiff, Simon Berman, an inmate at the Great Meadow Correctional Facility, brings this action pro se against the defendants, Correction Officer Octavio Perez, Captain Williams, Brian Weise, Christopher Wong, Office Bobbitt, Officer Wallace, Officer Jones, Captain Agard, and one John Doe, seeking relief pursuant to 42 U.S.C. § 1983 for violations of his federal civil rights. The defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the plaintiff's claims against Captain Agard as barred by the statute of limitations. The plaintiff has missed three deadlines to file an opposition brief. Nevertheless, rather than granting the motion on default, the Court has considered the motion carefully and concludes that it is well-founded. The defendants' motion is **granted** for the following reasons.

I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.; see also Pratt v. City of New York, 929 F. Supp. 2d 314, 316 (S.D.N.Y. 2013).

Because the defendants bear the burden of establishing the expiration of the statute of limitations as an affirmative

defense, a pre-answer motion to dismiss on this ground may be granted only if it is clear on the face of the complaint that the statute of limitations has run. See Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008); see also Fargas v. Cincinnati Mach., LLC, 986 F. Supp. 2d 420, 427 (S.D.N.Y. 2013).

The pleadings and allegations of a pro se plaintiff must be construed liberally for the purposes of Rule 12(b)(6). See McKithen v. Brown, 481 F.3d 89, 96 (2d. Cir. 2007) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); Weixel v. Bd. of Educ., 287 F.3d 138, 145-46 (2d Cir. 2002). Additionally, the submissions of a pro se litigant should be interpreted to "raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Burke v. Metro. Transp. Auth., No. 09-cv-3291, 2009 WL 4279538, at *2 (S.D.N.Y. Dec. 1, 2009).

## II.

On April 8, 2017, Berman, then incarnated at Great Meadow Correctional Facility, delivered a formal complaint to prison authorities naming as defendants "Correction Officer Perez," "Captain Williams," Brian Weise, Christopher Wong, "Officer Bobbitt," "Officer Wallace," "Officer Jones," and two John Does employed at the Manhattan Detention Complex (the "MDC"). Dkt.

3

No. 2. Berman's complaint alleged that on April 16, 2014, April 17, 2014, and June 9, 2014, while he was being held at the MDC, prison officials abused him physically and denied him necessary medical treatment. Berman alleged that the John Does participated in the June 9, 2014, incident.

The Court construes Berman's complaint to raise claims under 42 U.S.C. § 1983. See Pabon, 459 F.3d at 248.

On May 2, 2017, the Court issued an Order pursuant to Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997), instructing the defendants to attempt to ascertain the identities and badge numbers of "Correction Officer Perez" and the two John Does. Dkt. No. 6.

On June 30, 2017, the defendants identified one of the John Does as Captain Agard. Dkt. No. 11. Berman filed an amended complaint on August 7, 2017, which identified Captain Agard as a defendant. Dkt. No. 18.[1]

---

[1] In a letter dated July 27, 2017, the defendants identified "Correction Officer Perez" as Octavio Perez and informed Berman and the Court that the second John Doe was either Carlos Aviles or Eduardo Torres. Dkt. No. 16. Octavio Perez was substituted for "Correction Officer Perez" by Court Order on August 1, 2017. Dkt. No. 17. Berman did not identify the second John Doe in his amended complaint.

4

On September 18, 2017, the defendants moved pursuant to Rule 12(b)(6) to dismiss the claims against Captain Agard as barred by the statute of limitations. Dkt. Nos. 24-26.[2]

The Court ordered Berman to file any brief in opposition to the defendants' motion to dismiss by October 10, 2017. Dkt. No. 20. On November 6, 2017, the Court issued an Order noting that Berman had not filed an opposition brief by the October 10 deadline and extending Berman's time to file to November 17, 2017. Dkt. No. 29. On December 5, 2017, the Court issued another Order noting that Berman had missed the November 17 deadline and extending Berman's time to file to December 22, 2017. Dkt. No. 31. Berman has not filed an opposition brief.

### III.

The statute of limitations for § 1983 actions that accrue in New York is three years. Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013) (citing N.Y. C.P.L.R. § 214 (McKinney 2013)); see also Owens v. Okure, 488 U.S. 235, 240 (1989) (noting that courts must "borrow and apply to all § 1983 claims the . . . state statute of limitations" for personal-injury torts). A § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Hogan, 738 F.3d at 518 (quoting Pearl v. City of Long Beach, 296 F.3d 76,

---

[2] The original motion to dismiss did not name Octavio Perez as a moving defendant. On November 27, 2017, Octavio Perez moved to join the other motion to dismiss. Dkt. No. 30. That motion is granted.

80 (2d Cir. 2002)). An inmate's pro se complaint is deemed filed when the inmate delivers the complaint to prison officials to be transmitted to the court. Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993), modified on other grounds, 25 F.3d 81 (2d Cir. 1994).

The 1983 claims Berman pleaded in his April 8, 2017, complaint against the John Does accrued when he was allegedly abused and denied medical treatment on June 9, 2014. See Smith v. Campbell, 782 F.3d 93, 100 (2d Cir. 2015). "Generally, 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." Hogan, 738 F.3d at 517 (internal quotation marks omitted). The statute of limitations therefore required Berman to amend his complaint to name the John Does who allegedly perpetrated the June 9, 2014, incident by June 9, 2017. See id. Berman did not amend his complaint to identify Captain Agard as one of the John Does until August 7, 2017. Accordingly, Berman's action against Captain Agard is time-barred unless the amended complaint relates back to his original complaint.

Rule 15(c)(1) of the Federal Rules of Civil Procedure governs when an amended pleading may relate back to the date of the original pleading. Rule 15(c)(1)(C) permits relation back where a new party is added when (1) the new claim arose out of

6

conduct set forth in the original complaint; (2) "the party to be brought in . . . received such notice that it will not be prejudiced in maintaining its defense"; (3) the new party "should have known that, but for a mistake of identity, the original action would have been brought against it"; and (4) "the second and third criteria are fulfilled within [90] days of the filing of the original complaint," which was in turn filed within the limitations period. Hogan, 738 F.3d at 517 (quoting Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 468-69 (2d Cir. 1995)). Rule 15(c)(1)(A) provides that an amended pleading relates back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Neither Rule 15(c)(1)(C) nor Rule 15(c)(1)(A) provides for relation back in this case.[3]

Rule 15(c)(1)(C) provides relation back for amendments that identify John Doe defendants only if the plaintiff failed to identify the John Doe defendant in the original complaint because of a mistake of identity. Hogan, 738 F.3d at 518. Rule 15(c)(1)(C) does not permit relation back where "the newly added defendants were not named originally because the plaintiff did

---

[3] Rule 15(c)(1)(B), which provides that an amended pleading relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading," does not apply here because Berman seeks to add a new party which is covered by Rule 15(c)(1)(C), which adds additional requirements to those contained in Rule 15(c)(1)(B). See Hahn v. Office & Prof'l Emps. Int'l Union, 107 F. Supp. 3d 379, 384 (S.D.N.Y. 2015).

7

not know their identities." Id. at 517. There is no indication here that Berman's failure to identify Captain Agard in the original complaint was the result of mistaken identity. Rather, it is clear that Berman identified the defendants who allegedly violated his civil rights on June 9, 2014, as John Does in his original complaint because he did not know their identities. Rule 15(c)(1)(C) therefore does permit relation back here.

Rule 15(c)(1)(A) would permit relation back in this case only if under New York law Berman's amended complaint related back to his original complaint. See id. at 518.

Section 1024 of the New York Civil Practice Law and Rules provides relation back for amendments naming John Doe defendants when the pleading party (1) "exercise[d] due diligence, prior to the running of the statute of limitations, to identify the defendant by name" and (2) "describe[d] the John Doe party 'in such form as will fairly apprise the party that he is the intended defendant.' " Id. at 519 (quoting Bumpus v. N.Y.C. Transit Auth., 883 N.Y.S.2d 99, 104 (2d Dep't 2009)) (brackets omitted). There is no indication that Berman took any action beyond filing his original complaint -- much less exercised due diligence -- in the nearly three years between the alleged incident on June 9, 2014, and June 9, 2017, when the statute of limitations expired, to ascertain the identities of the John Doe defendants. Indeed, Berman waited over two and a half years

after the incident in question, until about two months before the statute of limitations expired, to bring his original complaint. Section 1024 therefore does not permit relation back here.

Section 203 of the New York Civil Practice Law and Rules provides relation back for amendments naming John Doe defendants when, among other things, "the new defendant knew or should have known that, but for a mistake by the plaintiff in naming the proper defendant, the action would have been brought against him as well." Sloane v. Town of Greenburgh, No. 01-cv-11551, 2005 WL 1837441, at *3 (S.D.N.Y. July 27, 2005) (citing Buran v. Coupal, 661 N.E.2d 173, 178 (N.Y. 1995)). As with Rule 15(c)(1)(C) of the Federal Rules of Evidence above, Section 203 does not permit the relation back of an amended complaint that names a John Doe defendant when the pleading party failed to name the defendant in the original complaint because the party did not know the defendant's identity. See, e.g., McElligott v. City of New York, No. 15-cv-7107, 2017 WL 6210840, at *6 (S.D.N.Y. Dec. 01, 2017). Section 203 therefore does not permit relation back here for the same reasons that Rule 15(c)(1)(C) does not.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing

9

reasons, the defendants' motion to dismiss Captain Agard is **granted**. The Clerk is directed to close the motions at docket numbers 24 and 30.

**SO ORDERED.**

Dated: New York, New York
January 11, 2018

_____
John G. Koeltl
United States District Judge